UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| ROLAND MORGAN AND BURNICE PICKENS Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>BUCKEYE, INC.<br><br>Defendant. | § § § § § § § § § § § § § § | CASE NO. 7:20-cv-247<br><br>JURY TRIAL DEMANDED<br><br>PURSUANT TO 29 U.S.C. § 216(b) COLLECTIVE ACTION |

ORIGINAL COLLECTIVE ACTION COMPLAINT

Roland Morgan and Burnice Pickens bring this action individually and on behalf of all current and former employees (hereinafter "Plaintiffs and the Potential Class Members" or "Day Rate Workers") who worked for Defendant Buckeye, Inc. (hereinafter "Buckeye") and received a day rate but were not paid overtime, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

I.
OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiffs and the Potential Class Members are those persons who are current and former non-exempt employees—Day Rate Workers—of Buckeye who worked there within the last three years.

1.3     Plaintiffs and the Potential Class Members were (and are) paid on a day rate system. Specifically, Buckeye paid its Day Rate Workers a flat amount for each day worked without the proper overtime premium for all hours worked in excess of 40 in a workweek.

1.4      The decision by Buckeye not to pay proper overtime compensation to its Day Rate Workers was neither reasonable nor in good faith.

1.5     Buckeye knowingly and deliberately failed to compensate its Day Rate Workers overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The Day Rate Workers did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

1.7     Plaintiffs and the Potential Class Members—the Day Rate Workers—therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.8     Plaintiffs also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Roland Morgan ("Morgan") is an individual who resides in El Paso County, Texas. Plaintiff Morgan worked for Buckeye within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Morgan was paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Plaintiff Burnice Pickens

("Pickens") is an individual who resides in Bowie County, Texas. Plaintiff Pickens worked for Buckeye within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Pickens was paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2  The Potential Class Members are those current and former non-exempt employees who worked for Buckeye and who were subjected to the same illegal pay system under which Plaintiff worked and was paid—specifically, all other Day Rate Workers.

2.3  Defendant Buckeye, Inc. ("Buckeye") is a Texas corporation and may be served with process through its registered agent for service, Chan Price, 2301 W. Francis, Midland, Texas 79701.

## III.
## JURISDICTION & VENUE

3.1  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2  This Court has personal jurisdiction over Buckeye because the cause of action arose within this district as a result of Buckeye's conduct within this district.

3.3  Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consents of Morgan and Perkins are attached hereto as Exhibits "A" and "B".

3.4     Specifically, Buckeye has maintained a working presence throughout the Permian Basin area which is in this District and Division.

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Western District of Texas.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Buckeye has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Buckeye has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Buckeye has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs and the Potential Class Members' employment by Buckeye, these individuals provided services for Buckeye that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiffs and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.7     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Day Rate Workers employed by Buckeye, Inc. from October 19, 2017 to the present."

4.8     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Buckeye.

## V.
## FACTS

5.1     Buckeye claims to be a leading provider of drilling fluids and other specialized services to the oil and gas industry. Indeed, Buckeye currently provides its services to several leading energy industry companies working in different oil and gas plays throughout West Texas.[2]

5.2     To provide its services, Buckeye employed (and continues to employ) numerous workers that were paid a "day rate" but did not receive overtime for all

---

[2] http://www.buckeyeinc.com/current-operations/

hours worked—all of these individuals make up the putative class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.[3]

5.3  Buckeye paid (and continues to pay) its Day Rate Workers a flat day rate for the work they perform. The Day Rate Workers are only paid for days they work—the day rate compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

5.4  While the precise job duties of the Day Rate Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Day Rate Workers are non-exempt employees.

5.5  Plaintiff and the Day Rate Workers routinely worked up to seven (7) days per week and typically twelve (12) hours per day. Indeed, the Day Rate Workers often worked seven (7) days per week for an entire month or more until the specific job was completed.

5.6  The Day Rate Workers' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Buckeye and/or its clients. Virtually every job function was pre-determined by Buckeye, including the tools to use at a job site, the schedule of work, and related work duties.

---

[3] Buckeye employs Day Rate Workers under several different job titles. For example, Plaintiffs were employed as an "Fluid Technician".

5.7     The Day Rate Workers were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the Day Rate Workers' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.8     Indeed, the Day Rate Workers are blue-collar workers—they rely on their hands, physical skills, and energy to perform manual labor in completing their jobs.

5.9     While an employer—like Buckeye —can pay its non-exempt employees on a day rate basis, the employee(s) still must receive overtime pay for hours worked in excess of forty (40) in a workweek. *See* 29 C.F.R. § 778.112.

5.10    The Day Rate Workers worked far in excess of 40 hours per week, yet Buckeye did not (and still does not) pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

5.11    Buckeye knows its Day Rate Workers work more than forty (40) hours in a week. The Day Rate Workers routinely work (and worked) in excess of sixty (60) or more hours in a workweek.

5.12    Thus, it is clear that Buckeye acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Day Rate Workers for all hours worked in excess of forty (40) during the workweek.

## VI.
## CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 Buckeye violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 The FLSA also provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation of services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

6.3 Buckeye's compensation scheme applicable to the Day Rate Workers failed to comply with any of the above-enumerated regulations.

6.4 Moreover, Buckeye knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

6.5 Buckeye knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

6.6     Buckeye is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.7     Plaintiffs and the Day Rate Workers, on the other hand, are (and were) unsophisticated laborers who trusted Buckeye to pay them according to the law.

6.8     The decisions and practices by Buckeye not to properly pay overtime for all of the overtime hours worked was neither reasonable nor in good faith.

6.9     Accordingly, Plaintiffs and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

B.   **COLLECTIVE ACTION ALLEGATIONS**

6.10    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former Buckeye employees who are (or were) similarly situated to Plaintiffs Morgan and Perkins with regard to the work they have performed and the manner in which they have been underpaid—the Day Rate Workers.

6.11    Other similarly situated employees of Buckeye have been victimized by Buckeye's patterns, practices and policies, which are in willful violation of the FLSA.

6.12    The Potential Class Members are "all Day Rate Workers employed by Buckeye Services, LLC, as Fluid Technicians or any similar job description at any time from **October 19, 2017** to the present."

6.13 Buckeye's failure to properly pay overtime wages results from generally applicable policies and practices of Buckeye and does not depend on the personal circumstances of the Plaintiff and Potential Class Members.

6.14 Thus, Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

6.15 The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.16 All of the Day Rate Workers—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek; not just those hours worked in excess of ten (10) or twelve (12) in a day.

6.17 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.18 Accordingly, the class of similarly situated Plaintiffs is defined as:

**ALL DAY RATE WORKERS EMPLOYED BY BUCKEYE, INC., AS FLUID TECHNICIANS OR ANY SIMILAR JOB DESCRIPTION AT ANY TIME FROM October 19, 2017 THROUGH THE PRESENT.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiffs respectfully pray for judgment against Buckeye as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Buckeye to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding Buckeye liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiffs (and those who have joined in the suit) attorney's fees;

  g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiffs, a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Buckeye; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS AND POTENTIAL CLASS MEMBERS**