UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| ROLAND MORGAN AND BURNICE PICKENS § § § § Plaintiff, § § V. § § BUCKEYE, INC. § § Defendant. § | CASE NO. 7:20-cv-247 JURY TRIAL DEMANDED |

### PLAINTIFFS AMENDED COMPLAINT

Roland Morgan and Burnice Pickens bring this action individually (hereinafter "Plaintiffs" or "Day Rate Workers") who worked for Defendant Buckeye, Inc. (hereinafter "Buckeye") and received a day rate but were not paid overtime, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act.

## I.
## OVERVIEW

1.1  This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2  Plaintiffs are persons who are former non-exempt employees—Day Rate Workers—of Buckeye who worked there within the last three years.

1.3  Plaintiffs were paid on a day rate system. Specifically, Buckeye paid its Day Rate Workers a flat amount for each day worked without the proper overtime premium for all hours worked in excess of 40 in a workweek.

1.4     The decision by Buckeye not to pay proper overtime compensation to its Day Rate Workers was neither reasonable nor in good faith.

1.5     Buckeye knowingly and deliberately failed to compensate its Day Rate Workers overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The Day Rate Workers did not perform work that meets the definition of exempt work under the FLSA.

1.7     Plaintiffs—the Day Rate Workers—therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

2.1     Plaintiff Roland Morgan ("Morgan") is an individual who resides in El Paso County, Texas. Plaintiff Morgan worked for Buckeye within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Morgan was paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Plaintiff Burnice Pickens ("Pickens") is an individual who resides in Bowie County, Texas. Plaintiff Pickens worked for Buckeye within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Pickens was paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consents of Morgan and Perkins are attached hereto as Exhibits "A" and "B".

2.2   Defendant Buckeye, Inc. ("Buckeye") is a Texas corporation and has been served with process through its registered agent for service, Chan Price, 2301 W. Francis, Midland, Texas 79701.

## III.
## JURISDICTION & VENUE

3.1   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2   This Court has personal jurisdiction over Buckeye because the cause of action arose within this district as a result of Buckeye's conduct within this district.

3.3   Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4   Specifically, Buckeye has maintained a working presence throughout the Permian Basin area which is in this District and Division.

3.5   Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Western District of Texas.

## IV.
## FLSA COVERAGE

4.1   At all times hereinafter mentioned, Buckeye has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2   At all times hereinafter mentioned, Buckeye has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Buckeye has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs' employment by Buckeye, these individuals provided services for Buckeye that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.

## FACTS

5.1    Buckeye claims to be a leading provider of drilling fluids and other specialized services to the oil and gas industry. Indeed, Buckeye currently provides its services to several leading energy industry companies working in different oil and gas plays throughout West Texas.[2]

5.2    To provide its services, Buckeye employed numerous workers that were paid a "day rate" but did not receive overtime for all hours worked.

5.3    Buckeye paid its Day Rate Workers a flat day rate for the work they perform. The Day Rate Workers are only paid for days they work—the day rate compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

5.4    While the precise job duties of the Day Rate Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Day Rate Workers are non-exempt employees.

5.5    Plaintiff and the Day Rate Workers routinely worked up to seven (7) days per week and typically twelve (12) hours per day. Indeed, the Day Rate Workers often worked seven (7) days per week for an entire month or more until the specific job was completed.

---

[2] http://www.buckeyeinc.com/current-operations/

5.6    The Day Rate Workers' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Buckeye and/or its clients. Virtually every job function was pre-determined by Buckeye, including the tools to use at a job site, the schedule of work, and related work duties.

5.7    The Day Rate Workers were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the Day Rate Workers' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.8    Indeed, the Day Rate Workers are blue-collar workers—they rely on their hands, physical skills, and energy to perform manual labor in completing their jobs.

5.9    While an employer—like Buckeye —can pay its non-exempt employees on a day rate basis, the employee(s) still must receive overtime pay for hours worked in excess of forty (40) in a workweek. *See* 29 C.F.R. § 778.112.

5.10    The Day Rate Workers worked far in excess of 40 hours per week, yet Buckeye did not pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

5.11    Buckeye knows its Day Rate Workers work more than forty (40) hours in a week. The Day Rate Workers routinely worked in excess of sixty (60) or more hours in a workweek.

5.12    Thus, it is clear that Buckeye acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Day Rate Workers for all hours worked in excess of forty (40) during the workweek.

## VI.
## CAUSES OF ACTION

A.   **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Buckeye violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2    The FLSA also provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation of services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

6.3    Buckeye's compensation scheme applicable to the Day Rate Workers failed to comply with any of the above-enumerated regulations.

6.4    Moreover, Buckeye knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs' overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

6.5    Buckeye knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

6.6    Buckeye is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.7    Plaintiffs and the Day Rate Workers, on the other hand, are (and were) unsophisticated laborers who trusted Buckeye to pay them according to the law.

6.8    The decisions and practices by Buckeye not to properly pay overtime for all of the overtime hours worked was neither reasonable nor in good faith.

6.9    Accordingly, Plaintiffs are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.
## RELIEF SOUGHT

7.1    Plaintiffs respectfully pray for judgment against Buckeye as follows:

a) For an Order pursuant to Section 16(b) of the FLSA finding Buckeye liable for unpaid back wages due to Plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;
b) For an Order awarding Plaintiffs the costs of this action;
c) For an Order awarding Plaintiffs attorney's fees;
d) For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;
e) For an Order compelling the accounting of the books and records of Buckeye; and
f) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
bhommel@hommelfirm.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS**